PROSKAUER ROSE LLP
Joseph Baumgarten (JB-7215)
Peter P. Rahbar (PR-8166)
1585 Broadway
New York, NY 10036-8299
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
MARTINA FRANCIS,                                            :
:
               Plaintiff,                              :        04 CV 7430 (DLC) (THK)
:
    - against -                                            :        **(ECF Case)**
:
:
HOME BOX OFFICE, INC                                        :
               Defendant.                              :
:
------------------------------------------------------------X

## **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT**

Defendant Home Box Office, Inc. ("HBO" or "Defendant") respectfully submits this reply memorandum of law in further support of its motion for enforcement of the settlement agreement entered on the record in front of Magistrate Judge Theodore H. Katz on February 3, 2005. As discussed below, the Affidavit submitted by plaintiff Martina Francis ("Francis" or "plaintiff") does not dispute that an agreement was reached by the parties on February 3 to settle this matter and does not proffer any facts that can serve as a basis to invalidate the settlement under the standard set forth in Ciaramella v. Reader's Digest Association, 131 F.3d 320, 323 (2d Cir. 1997). Instead, Francis now makes the unsupported, and somewhat incredible, arguments that she did not know what she was agreeing to on the record, and that she was "bullied and railroaded" to settle the matter by the Magistrate Judge and her own attorney.

However, to decide this motion in favor of HBO, the Court need look no further than the record of the settlement conference, which does not contain any evidence, or even a claim, of fraud or duress. Rather, and most importantly, the record contains an explicit statement by Francis that she did understand what she was agreeing to, and also contains a recitation of the parties' agreement on every term of the settlement providing for the dismissal of this action with prejudice. Although Francis is now belatedly attempting to subvert the entire settlement, seemingly because she has determined that she is unhappy with the monetary amount she agreed to accept on February 3, the Court must resist and deny this deliberate attempt to destroy the integrity and efficacy of the Courts' processes for promoting and effectuating the settlement of cases. Indeed, this is nothing more than a case of "buyer's remorse" that if allowed to proceed, would play havoc with the method for attempting early case resolution.

In short, Francis has not presented a basis to invalidate the February 3 settlement, and HBO therefore seeks an order enforcing the agreement, dismissing this action with prejudice and awarding it the costs and attorney's fees which it has been compelled to expend on this motion.

## ARGUMENT

### FRANCIS HAS FAILED TO PRESENT ANY EVIDENCE THAT THE PARTIES DID NOT INTEND TO BE BOUND BY THEIR ORAL AGREEMENT.

Applying the four factors set forth in Ciaramella, the Court should enforce the settlement in this matter as Francis has not presented any evidence that the parties did not intend to be bound by the oral agreement reached on February 3, 2005.

**A.  Francis Has Not Presented Any Evidence Of An Express Reservation Of The Right Not To Be Bound In The Absence Of A Signed Writing.**

Francis has not presented any evidence in her Affidavit that the parties expressed a reservation on the record of their right not to be bound in the absence of an executed settlement agreement, and thus this factor should be weighed in favor of enforcing the oral agreement. Indeed, because there is no evidence on the record that parties were reserving the right to be bound, Francis instead repeatedly asserts (without any support in the record) that even though she did not understand much of what was discussed or agreed to at the conference, the one thing she did understand was that the settlement would not be final until she signed "certain written documents."  (Francis Aff. ¶¶ 12, 22)  Although the parties did contemplate drafting a written agreement to memorialize the terms stated on the record, this alone does not constitute an express reservation not to be bound, and is insufficient to overturn the settlement agreed to by the parties.  See Melwani v. Jain, No. 02 Civ. 1224, 2004 WL 936814, at *5 (S.D.N.Y. Apr. 29, 2004) ("even if [plaintiff] planned to execute a written general release subsequent to stating his agreement on the record, that would not satisfy the express reservation of rights requirement");

2

Lopez v. City of N.Y., 242 F. Supp. 2d 392, 393 (S.D.N.Y. 2003) ("[e]ven if the parties agreed to the settlement in the open court with the intent to draft and sign a written settlement agreement and general release, this does not satisfy the express reservation requirement").

Further, it remains clear from the record that although Francis now claims that she was confused and/or did not understand what she was agreeing to, her claims are inconsistent with her conduct at the settlement conference. Specifically, despite being given the opportunity to do so, when the Magistrate Judge asked "Ms. Francis, do you have any questions about the terms of the agreement," Francis did not at that instance, or later in the conference, state that she did not understand the terms of the settlement, did not ask for clarification of the terms, did not ask for an opportunity to speak with her counsel regarding the proceedings on the record, and most certainly did not make any allegations of duress against her own attorney or the Magistrate Judge. (Tr. at 2) Thus, this factor should be weighed in favor of settlement.

**B.**     **Francis Did Not Dispute That There Was Partial Performance Of The Contract.**

Here, Francis does not dispute that the parties did not resume active litigation of the matter, and that it was discontinued by the Court, in reliance on the settlement reached on February 3. Instead, Francis claims that HBO could not have been "harmed" by her letter to the Court five days after her agreement on the record to settle this matter. (Francis Aff. ¶ 25) Although Francis' claim is immaterial to the analysis of this factor, it is clearly outweighed by the conduct of HBO, Francis' attorney and the Court – who were all acting consistent with, and in reliance on, the February 3 settlement agreement. In addition, Francis is completely incorrect in claiming that HBO could not suffer any harm by rescission of the settlement, as HBO invested a significant amount of time, money and effort to prepare for and attend the settlement conference,

3

and has now been forced to expend additional resources to prepare this motion to enforce the settlement agreement. Thus, this factor should weigh towards settlement.

**C.   Francis Has Not Shown That The Parties Did Not Agreed To All The Terms Of The Agreement.**

For the first time, Francis now claims that she did not agree to all the terms of the agreement (without identifying which terms were not agreed to). (Francis Aff. ¶¶ 27-29) Francis' contention is clearly contradicted by the record of the settlement conference – which does not contain evidence of terms remaining to be negotiated – and her prior correspondence with the Court. (Rahbar Decl. ¶¶ 10, 12, Exs. 7, 9)[1] Given that all the terms of the agreement were agreed to, and memorialized on the record, this factor should also weigh in favor of enforcement. See Melwani, 2004 WL 936814 at *5 (enforcing oral settlement agreement where no dispute that record of the settlement contained all material terms of the agreement).

**D.   Francis Does Not Dispute That Settlement Agreements Do Not Have To Be Committed To Writing To Be Enforced.**

Francis has not cited any authority or facts to counter the well-established precedent in this Court that settlement agreements recorded on the record in open court are treated as a writing, and thus this factor also favors settlement.[2] See Lopez, 242 F. Supp. 2d at 394 ("although this is the type of contract normally reduced to writing, the agreement on record in open court counts as a writing"). Although Francis now claims that she did not understand that she was going to be "bound" by the terms listed on the record, during the conference she did not

---

1   The Declaration of Peter P. Rahbar, Esq. ("Rahbar Decl."), sworn to on March 11, 2005, was previously submitted in support of Defendant's Motion for Enforcement of Settlement Agreement.

2   Francis does not dispute that the terms of the Agreement were recorded by a court reporter in front of Magistrate Judge Katz, thereby becoming part of the public record of this matter and satisfying the open court standard. (Francis Aff. ¶ 18) See Melwani, 2004 WL 936814 at *5 (enforcing oral settlement entered on the record in open court); Lopez, 242 F. Supp. 2d at 392, 394 (same); Pretzel Time, Inc. v. Pretzel Int'l Inc., No. 98 Civ. 1544, 2000 WL 1510077, at *4 (S.D.N.Y. Oct. 10, 2000) (enforcing oral agreement documented in certified court reporter's transcript).

4

ask any questions regarding the terms of the agreement or why it was being recorded, and her attorney did not object to entering the settlement on the record. As this agreement was recorded on the record in open court, this factor should also weigh in favor of settlement.

E.  **Plaintiff's Race Is Irrelevant And Insufficient To Counter The Clear Public Policy Favoring The Enforcement Of Settlement Agreements Placed On The Record By The Court.**

Francis' race is irrelevant to the analysis of whether the settlement agreement should be enforced. (Francis Aff. ¶ 31) Further, Francis has not presented any facts to counter the clear public policy strongly favoring the enforcement of settlement agreements "placed on the record by the Court." Melwani, 2004 WL 936814 at *6. Here, as Francis admits, the parties placed the agreement on the record for the purpose of recording the terms and binding both of the parties to the agreement, and indeed, there is nothing on the record to the contrary. Plaintiff's unsupported – and unsupportable – claim that she was "bullied and railroaded" into an agreement, is insufficient to overcome the contrary evidence on the record of the agreement and the strong public policy favoring enforcement of the agreement. Id.

The alleged improper conduct by Magistrate Judge Katz and Mr. Nardo cannot serve as a basis to undo the settlement agreement. As in her prior correspondence with the Court, the examples of Magistrate Judge Katz's conduct cited by Francis appear to be nothing more than statements typically made by mediators to inform parties, including the defendant in this matter, of the strengths and weaknesses of their case. The allegations regarding Mr. Nardo also cannot serve as a basis to overturn the settlement as Francis has not denied that he had actual authority to represent Francis and bind her to the settlement agreement, and Francis was herself present at the conference and agreed to the settlement as well. See Alvarez v. City of N.Y., 146 F. Supp. 2d 327, 334-35 (S.D.N.Y. 2001) (holding that plaintiff was bound by attorney's acceptance of

5

settlement agreement where attorney had apparent authority to settle the matter and plaintiff was present during settlement negotiations). Indeed, Francis' apparent dissatisfaction with Mr. Nardo is of no consequence to the enforceability of the settlement agreement in this matter, and should instead be pursued through the proper means available for doing so.

Finally, despite Francis' unsupported claim that her damages "are much greater than $18,000" the agreement, on its face, is a very fair deal for the plaintiff. (Francis Aff. ¶ 32)  Here, Francis admits that she can only establish approximately $18,000 in damages attributable to lost wages and expenses. (Id.)  Given the amount of her alleged damages, the fact that the Equal Employment Opportunity Commission did not issue a probable cause determination on her claims, and that the Court itself pointed out weaknesses in Francis' claims at the initial conference, Francis should consider a $15,000 settlement very satisfactory.

As outlined above, Francis has not presented any evidence to demonstrate that the parties in this matter did not intend to be bound by the agreement reached at the February 3, 2005 settlement conference, and it therefore should be enforced by the Court.

**<u>CONCLUSION</u>**

For the reasons set forth above, Defendant Home Box Office, Inc. respectfully requests that the Court enforce the settlement agreed to by the parties on February 3, 2005, and dismiss this action with prejudice, and further requests that the Court award it the attorney's fees and costs incurred in connection with this application.

Dated: New York, New York  
   April 1, 2005

PROSKAUER ROSE LLP

By:    /s/ Peter P. Rahbar     
  Joseph Baumgarten (JB-7215)  
  Peter P. Rahbar (PR-8166)

1585 Broadway  
New York, New York 10036  
Phone: (212) 969-3000  
Fax: (212) 969-2900  
Attorneys for Defendant