```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
MARTINA FRANCIS,                          :
                                          :    04 Civ. 7430 (DLC)
                    Plaintiff,            :
                                          :    OPINION AND ORDER
          -v-                             :
                                          :
HOME BOX OFFICE, INC., and AOL TIME       :
WARNER, INC.,                             :
                                          :
                    Defendants.           :
                                          :
------------------------------------------X
```

Appearances:

For the Pro Se Plaintiff:

Martina Francis
1918 Lakeshore Avenue, Apartment 47
Oakland, California  94606

For the Defendant Home Box Office, Inc.:

Peter P. Rahbar
Joseph Baumgarten
Proskauer Rose LLP
1585 Broadway
New York, New York  10036

DENISE COTE, District Judge:

This Opinion addresses a motion by the defendant Home Box Office, Inc. ("HBO") to enforce an agreement with the plaintiff Martina Francis ("Francis") to settle this employment discrimination case that was memorialized on the record at a settlement conference held by Magistrate Judge Theodore H. Katz on February 3, 2005 ("Settlement Conference").  For the following reasons, the motion is granted.

## BACKGROUND

Francis filed a complaint ("Complaint") on September 20, 2004, alleging employment discrimination by her employer, HBO,

based on her race and religion, pursuant to Title VII of the Civil Rights Act of 1964 and provisions of the New York State Human Rights Law. At the Initial Pretrial Conference, Francis's counsel, Raymond L. Nardo ("Nardo"), represented that because Francis worked at a higher-paying job following her termination from HBO, the primary damages in this case would be up to seven months of back pay totaling approximately $18,600, plus approximately $2,000 in medical expenses. At that conference, this Court noted that the damages claim was very small in the context of attorney's fees, and that discovery, including depositions, would change the settlement posture of the case significantly. Consequently, the case was referred immediately to Magistrate Judge Katz for settlement discussions at the parties' earliest convenience.

The Settlement Conference in front of Magistrate Judge Katz on February 3, 2005 was attended by Francis, Shelley D. Fischel ("Fischel"), an HBO Executive Vice President, and counsel for both parties, Peter P. Rahbar and Joseph Baumgarten for HBO, and Nardo for Francis. At the Settlement Conference, both parties presented opening statements, followed by ex parte conversations with Magistrate Judge Katz. Following a number of proposals, the parties agreed on a settlement amount of $15,000. The agreement was placed on the record. The relevant portions of the transcript are as follows:

> THE COURT: We are going to put the resolution on the record. . . .
>
> MR. RAHBAR: . . . Your Honor, the terms, we are requesting a general release of all claims with respect to HBO, all of its affiliates, employees, officers and directors. We of course would want a withdrawal of the

2

matter with prejudice, confidentiality of the terms of the resolution, and a covenant not to apply for reemployment with HBO.

THE COURT: In exchange, the defendant is going to pay the plaintiff?

MR. RAHBAR: The total amount of $15,000

THE COURT: <u>Ms. Francis</u>, do you have any questions about the terms of the agreement?

MS. FRANCIS: No.

THE COURT: <u>Is that acceptable to you</u>?

MS. FRANCIS: <u>Yes</u>.

THE COURT: Mr. Nardo, is that acceptable to you?

MR. NARDO: Yes. Let me just clarify, the withdrawal with prejudice is a stipulation of discontinuance with prejudice, right?

THE COURT: Yes.

MR. RAHBAR: Also, if you want to put the allocation on the record.

THE COURT: Do you want that on the record? It's up to you. It doesn't have to be. This isn't going to be -- you are not going to submit the terms of the agreement to the court.

MR. NARDO: This will not be public, right?

THE COURT: It will be because it is a transcript. I don't imagine anybody is going to be reading it.

MR. NARDO: That's their issue.

THE COURT: Everybody agree on this?

MR. RAHBAR: We would like to put it on the record.

MR. NARDO: That's fine.

MR. RAHBAR: Allocation of $15,000.

THE COURT: OK.

MR. RAHBAR: $5500 minus applicable withholdings payable to the plaintiff. $5500 payable to the plaintiff with the issuance of a Form 1099, and $4,000 payable to Mr. Nardo with the issuance of a Form 1099.

3

>     MR. NARDO: If I can just clarify that --
>
>     MR. RAHBAR: Payable to both, the 1099 to both parties.
>
>     THE COURT: Do you know how long it will take to make the payment?
>
>     MS. FISCHEL: Can I get two weeks? Within two weeks of execution and delivery of the agreement.
>
>     . . . .
>
>     THE COURT: What I think you ought to do is exchange the documents, get all the signatures, and you can hold the stip until the check is delivered to you, right?
>
>     MR. NARDO: They can hold the stip.
>
>     . . . .
>
>     THE COURT: . . . I am glad we were able to resolve it. I wish you luck going forward. Good luck in school, Ms. Francis.

(Emphasis supplied.) The terms of the settlement agreement as stated on the record included a general release of claims, dismissal with prejudice, confidentiality of other terms when written, a covenant not to apply for reemployment with HBO, and payment of $15,000 to Francis, including details of both the payment's timing and allocation. Upon receiving notice of the settlement agreement, this Court issued an Order of Discontinuance on February 8, 2005.

On February 4, HBO's counsel mailed copies of the Settlement Agreement and General Release containing the same terms upon which the parties had agreed the previous day to plaintiff's counsel for execution by Francis. In his affidavit accompanying this motion, HBO's counsel states that HBO processed three checks as agreed to on the record for payment to Francis and her counsel. Plaintiff's counsel did not suggest any revisions, and forwarded the Settlement Agreement to Francis on February 7.

4

Francis did not execute the Agreement. This Court received a letter from Francis, pro se, on February 16 expressing disapproval of the settlement process, complaining of being coerced by her own counsel and the Magistrate Judge into agreeing to settle, and requesting a "renegotiation/mediation" for her case "with a different Magistrate Judge." An Order of February 17 restored this action to the calendar. HBO subsequently filed this motion to enforce the settlement of February 3.[1]

**DISCUSSION**

The touchstone of whether an oral settlement agreement is enforceable is whether the parties intended to be bound by the agreement. See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 323 (2d Cir. 1997). The parties' intent is a "question of fact, to be determined by examination of the totality of the circumstances." Id. at 322.[2] At least four factors guide the inquiry regarding parties' intent to be bound:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a signed writing; (2) whether there has been partial performance

---

[1] It should be noted that in a letter of February 18, Nardo requested to be relieved as Francis's counsel. This letter was filed through the Electronic Case Filing system ("ECF") and was not mailed directly to the Court. The letter was docketed as a "Status Report," and thus the electronic copy also was not sent to the Court. This letter came to the Court's attention as it was included as an exhibit accompanying HBO's motion papers. In a letter dated February 28 that was mailed to the Court, however, Francis consented to relieving Nardo as counsel. Francis also filed a notice of appearance on her own behalf on April 11. Nardo's application to be relieved is granted nunc pro tunc for February 18.

[2] The Second Circuit has noted that this inquiry is the same regardless of whether New York law or federal common law is applied, because both systems apply the same standard. Ciaramella, 131 F.3d at 322.

of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Id. at 323. Although no single factor is decisive, "each provides significant guidance." Id. Settlement agreements are typically committed to writing. Id. at 326. Settlement of a claim "made on the record in open court" meets the requirement of a writing. See id. See also Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1283 (2d Cir. 1996).

At the settlement conference, there was no express reservation of the right not to be bound in the absence of a signed writing. To the extent that HBO processed checks according to the formula agreed to on the record at the Settlement Conference, there has been partial performance of the contract. The parties agreed on the record to all of the terms set forth on the record. There were no objections to any of the terms, and the only questions asked about the terms were clarification questions asked by Francis's counsel and Fischel.[3] Since the agreement was made on the record in open court, as a matter of law the parties demonstrated their intent to be bound by the agreement, and that agreement may be enforced by HBO.

Francis's representations in her affidavit in opposition to this motion do not compel a different result. Francis asserts that she did not understand a number of issues at the settlement conference, including the meaning and import of various

---

[3] Contrary to Francis's suggestion that Fischel's request for additional time to process the settlement payment checks constituted "continued . . . bargaining," such a request merely clarified the performance that would be required under the agreement and, in any event, Francis's counsel agreed and Francis did not object.

6

settlement provisions and the fact that she had the ability to object to statements made by the attorneys or Magistrate Judge Katz. To the extent that these assertions are representations about her own state of mind, they are belied by her statement on the record that she did not have any questions about the terms of the agreement -- a statement reflecting not only that the she did not have any questions, but that she was aware that she could ask questions. To the extent that these assertions are complaints about her attorney's performance, they concern the relationship between Francis and her attorney, and do not disturb the conclusion that Francis agreed to the settlement.

Francis also asserts that she did not know that the agreement made on the record would be binding and that she did not expressly agree to all of the terms. The formality of placing an agreement on the record is sufficient to convey the binding nature of the process. Francis expressly gave her assent to the terms of the agreement.

Francis also claims that she felt under duress and had no choice but to agree as a result of pressure from her own attorney and the Magistrate Judge. An otherwise enforceable agreement may be voidable because of duress where, among other things, the party asserting duress received a wrongful or improper threat. See, e.g., Street v. J.C. Bradford & Co., 886 F.2d 1472, 1482 (6th Cir. 1988) (applying federal common law); Eisenstein v. Kelly Music & Entm't Corp., No. 97 Civ. 4649 (DC), 1998 WL 289734, at *4 (S.D.N.Y. June 4, 1998) (applying New York law). Francis has not asserted that she received any sort of threat that compelled her to agree to the settlement.

Finally, Francis claims that because the parties contemplated drafting a written agreement, the agreement at the Settlement Conference could not have been enforceable. The intent to reduce a valid oral settlement agreement to writing, however, does not prevent that oral agreement from being enforced. See Conway v. Brooklyn Union Gas Co., 236 F. Supp. 2d 241, 250 (E.D.N.Y. 2002). See also Winston v. Mediafare Entm't Corp., 777 F.2d 78, 80 (2d Cir. 1985). The balance of Francis's affidavit is concerned with terms contained in the unexecuted written settlement agreement. These terms are not relevant to the question of whether the oral settlement agreement is enforceable.

**CONCLUSION**

HBO's motion to enforce the oral settlement agreement with the plaintiff is granted. Each party shall bear its own costs associated with this motion. The plaintiff's claims in the Complaint are dismissed with prejudice. The Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
April 28, 2005

    _____
              DENISE COTE
        United States District Judge